UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. S1-4:11CR288 RWS |
| | ) | |
| MARIO DARNELL SMITH and | ) | |
| JEFFREY G. WHITE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The Defendant challenges the validity of the search warrant under the rationale of Franks v. Delaware, 438 U.S. 154 (1978). To succeed in a Franks type challenge to the validity of the search warrant, the defendant must establish that the affiant either knowingly and willfully or with reckless disregard for the truth, included a false statement or omitted material facts from the warrant affidavit. Mere proof of negligence, innocent mistake, sloppiness, or carelessness is insufficient to void a warrant. See Franks, 438 U.S. at 156.

In formulating a Franks standard in this Circuit, the Eighth Circuit Court of Appeals has stated as follows:

> To succeed in a *Franks*-type challenge to the validity of a search warrant, a defendant must establish by a preponderance of the evidence that the affiant, either knowingly and intentionally, or with reckless disregard for the truth, included a false statement within the warrant affidavit...The same analysis applies to omissions of fact. The defendant must show that the facts were omitted with the intent to make, or in reckless disregard of whether they thereby make, the affidavit misleading...The reviewing court must then determine whether, either absent the false material or supplemented

> with the omitted material, the affidavit's remaining contents are
> sufficient to establish probable cause...Mere negligence or innocent
> mistake is insufficient to void a warrant...

United States v. Clapp, 46 F.3d 795, 799 (8th Cir. 1995).

For an affidavit to be truthful does not mean "truthful in a sense that every fact recited in the warrant is correct." Clapp, supra at 599. This is so because "affidavits are often drafted by non-lawyers in the midst and haste of a criminal investigation." Rather, in order to determine whether or not a false statement in an affidavit was intentionally reckless, the defendant must show that "the affiant in fact entertained serious doubts as to the truth of the affidavit, or had reason to doubt the accuracy or information contained therein." United States v. Clapp, 46 F.3d 795, 801. See also Stevens v. United States, 530 F.3d 714 (8th Cir. 2008):

In Clapp, supra, while holding that two statements in the affidavit were not intentionally reckless, the Court stated as follows:

> Clapp argues that Tweedy's statement that he "participated" in an interview with
> Smith is false, since Tweedy only overheard portions of the interview while
> tending to other work across the room behind a five-foot partition. He also claims
> the statement that Smith "didn't know where the remaining $329,600.95 went" is
> directly contrary to information in the report DiPrima wrote on his interview with
> Smith.
>
> Tweedy's statement that he participated in the interview with Smith was
> misleading and inappropriate. Tweedy overheard the interview from his desk
> fifteen to twenty feet away and was working on unrelated matters at the time. In
> addition, his statement that Smith did not know where the remaining money went
> was plainly inaccurate, since Smith told DiPrima that he received a check for the
> full $1,250,000, which he endorsed, and that separate checks were then issued for
> $920,399.05 in Smith's name and the balance in Clapp's name. All of this
> information was included in DiPrima's report on his interview with Smith.
>
> Notwithstanding that Tweedy's statements were inaccurate, we do not believe
> that they were deliberate falsehoods or made with reckless disregard for the truth...

2

> ...Under this definition, neither Tweedy's statement about having participated in Smith's interview nor his failure to precisely report the details of Smith's interview with DiPrima constitutes reckless disregard for the truth; both, rather, evince negligent conduct. Tweedy's statement that he participated in the Smith interview was misleading and, thus, was negligent; it was not reckless, however. Similarly, his statement that Smith did not know where the remaining money went was more the product of carelessness than recklessness. . .

United States v. Clapp, 46 F.3d 795, 799, 800, 801.

Given the above law, the undersigned concludes that none of the statements made in the affidavit were intentionally false or recklessly made. Likewise, any alleged omission in the affidavit was not intentional or reckless. After careful review of the affidavit and the testimony at the suppression hearing, the undersigned concludes, there is very little, if anything, misleading in the affidavit in any respect. Thus, despite being given ample opportunity to do so, the undersigned concludes that the Defendant has not made a substantial showing of any false or reckless statement or omission which would necessitate a Franks hearing. See United States v. Milton, 153 F.3d 891 (8th Cir. 1988).

The Defendant first states that the affidavit is inaccurate because it alleged that "the investigation has revealed that Smith was involved in the scheme." The Defendant alleges that this is misleading because the information about the Defendant being the person involved in the scheme came from a Los Angeles FBI agent, and he alleges that the information from the Los Angeles agent was, in some manner, obtained in an unspecified illegal manner. The possible relevance of any illegality of actions taken in California and as relating to a separate investigation in St. Louis will be explored in a separate memorandum. However, for purposes of this motion, the undersigned concludes that it is accurate to say that the investigation in St. Louis revealed that Smith was involved in the scheme. Although Smith may have been identified as a potential

3

suspect in the present case on the basis of his alleged connection to a California scheme, voluminous independent investigation was conducted which, in fact, showed that the Defendant was part of this scheme, all of which was included in the affidavit. This included the "bigdaddyallday" user name, the access point across the street from the Defendant's house, the identification of Smith's voice on the recordings, and the physical observation of Smith carrying a laptop computer. All of this showed that Smith was "involved in the scheme" independent of any California information. Therefore, the undersigned concludes that the omission of the California information is not reckless or negligent within its meaning under Franks. Therefore, the Defendant's argument on this point must fail.

Next, the Defendant alleges that the affidavit failed to state that the reason Smith requested permission from his probation officer to go to Illinois was for a court appearance in Edwardsville, Illinois. He states that the affidavit makes it appear that the request to go to Illinois was to pick up the money in this scheme. According to the Government's response, Smith's request to travel to Illinois was made on June 15, 2011, and the cash delivery request was made to the bank on June 20, 2011, the exact same date as his court appearance in Illinois. Second, as pointed out by the Government, even if the facts regarding Smith's Illinois court appearance had been included in the affidavit, it would not have detracted from the probable cause. In fact, the undersigned will find in a separate memorandum that probable cause existed to arrest the Defendant absent any connection between permission to go to Illinois and the $180,000. In short, there was no reckless or deliberate omission of a material fact.

Next, the Defendant alleges that it was inaccurate or false to state that Smith was in possession of a bag and four cell phones. He alleges this because the Defendant was arrested

4

some fifteen feet away from the computer bag when he was physically arrested. This argument ignores the fact that the agents observed Smith carry the bag from his house to a car, get out of the car carrying the bag, and carry it in to Quizno's Restaurant, where he placed it on a table in front of him and Sahib Lewis. When the Defendant left for a short period of time to go to the bathroom (although he physically may not have been holding the bag at the time), he was, nevertheless, legally in possession of the bag. The law is clear that possession can either be actual or constructive, by any definition, the Defendant maintained possession or control over the bag. See United States v. Schwarte, 645 F.3d 1022 (8th Cir. 2011). The Defendant further displayed that he had complete control over the bag by instructing Sahib Lewis on two occasions to "pick up the bag" or "take the bag." Thus, the statement that the Defendant was "in possession of" the bag and the cell phones was a correct statement and in no way willfully false or reckless.

Smith next argues that the affidavit falsely stated that the laptop and cell phones were seized after the inventory of the American Tourister computer bag. Smith said that they were seized at Quizno's, not after the inventory. The undersigned concludes, however, that the affidavit is sufficiently clear in stating that the bag and the cell phones were seized at the time of Smith's arrest, which was at Quizno's, and that the inventory occurred at a later time. The entire ¶ 21 reads as follows:

> During the surveillance on June 20, 2011, SMITH was observed entering a Quiznos restaurant in the City of St. Louis. SMITH was arrested at that scene. When arrested, SMITH was in possession of the bag and four cell phones. SMITH was accompanied by Sahib Lewis ("LEWIS"). LEWIS is on bond in connection with state bank robbery charges (St. Louis County Case Number 11SL CR 2771). SMITH told LEWIS to take the computer bag. The computer bag and cell phones were seized. At the FBI Office, an inventory was conducted of the property seized. During that inventory, the bag was opened and the contents inventoried. In plain view investigators noticed a laptop, a phone and computer

5

printouts (screen shots) of bank records including bank account numbers and
names for people other than SMITH.

Gov. Exh. 3A, Search and Seizure Warrant, ¶ 21.

The undersigned concludes that given the above, there is no false or reckless statement made in regard to the seizure and inventory of the laptop and the cell phone. It is apparent from reading the affidavit that the phones and laptop were seized during the Defendant's arrest at Quizno's and later inventoried at the FBI office. Even if this is not clear to the reader, the statements were not made recklessly or with intent to deceive.

Smith also makes the argument that he was not in possession of the cell phone used to call US Bank on June 20, 2011. This argument is predicated on the fact that the FBI agents seized three cell phone from the Defendant's person and one from the computer case. The FBI, however, in their haste did not indicate in their records which phones were seized from the Defendant's person and which from the briefcase. Therefore, Smith states because he did not then possess the computer case at the time of his arrest and because the FBI can not say what phone was in the case, therefore, it was inaccurate to say that he possessed the cell phone used to call US Bank on the morning of June 20, 2011 to demand the payment. For the reasons stated above, the undersigned concludes that the Defendant was either in actual possession or constructive possession of all four cell phones. The affidavit does not attempt to show that all four cell phones were seized from the Defendant's person, but rather clearly states that one of the phones was seized from the briefcase and three from his person.

Because of all of the above, the Defendant has not proffered sufficient evidence requiring

a <u>Franks</u> hearing. He has not shown by substantial evidence any material or significant falsehood or omission from the affidavit. This is so even though the Defendant had ample opportunity to do so at the hearing on the motion. Therefore, the Defendant's motion for a <u>Franks</u> hearing should be denied.

\* \* \*

In accordance with the Memorandum above,

**IT IS HEREBY RECOMMENDED** that the Motion and Memorandum in Support of Defendant's Motion for Franks Hearing [Doc. #58] be **denied**.

Further, the parties are advised that they have fourteen (14) days, in which to file written objections to this recommendation and determination. Failure to timely file objections may result in waiver of the right to appeal questions of fact. <u>Thompson v. Nix</u>, 897 F.2d 356, 357 (8th Cir. 1990).

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this   21st   day of December, 2011.